# W. W. CHAPMAN

*v.*

# HORACE STEWART.

1. NEW TRIAL—*conflict of evidence.* A verdict based upon a comparison of conflicting testimony, should not be disturbed unless the injustice be manifest, nor will the refusal of the judge to set aside the verdict in such case be reviewed, unless it is apparent that he acted under misapprehension.

2. INSTRUCTIONS. When based upon the evidence, instructions which accurately state legal propositions may be given. It is not error to refuse to give an instruction in which facts are assumed which it is the duty of the jury to find from the evidence. Nor is it error to refuse instructions which, though containing accurate legal propositions, are not material to the issue.

APPEAL from the Circuit Court of Scott county; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. CHAPMAN & HENDERSON, for the appellant.

Mr. N. M. KNAPP, and Mr. JAMES M. RIGGS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the Scott circuit court, against appellant, to recover the price of a bill of goods amounting to $511.65, upon which there was a credit of $400, leaving the balance claimed $111.65.

It appears that appellee was sheriff of Scott county, and had attachment writs in favor of different persons against one Jackson, who was a tenant of appellant, and levied upon a stock of groceries belonging to Jackson in the house of appellant, and upon which he held a lien for rent then due.

Appellee was proceeding to sell the property levied upon, when appellant asserted his lien and forbid the sale. It was thereupon agreed that appellant should purchase the goods to the amount of $400 on a credit, and when the amount due him for rent should be adjusted, it should be deducted from the $400, that being the sum then claimed as due for rent. If he should purchase more than that sum, he was to pay cash for the overplus. He purchased at the sale the sum embraced in the bill sued upon, and gave his note to appellee for the $400, due the 25th of April, 1870, with J. H. Berry as surety. On the trial by the court and a jury, a verdict was found in favor of appellee for $111.65, upon which a judgment was rendered, and the case is brought by appeal to this court.

Appellant insists that he had the right to deduct from his purchase the full amount of the rent for the term, whilst appellee insists that it was at the time agreed that only the $400 then due was to be deducted; and it is urged that the judgment is erroneous, because the rent which accrued after the sale, was not deducted from the purchase. On this question there is a direct conflict of evidence. Witnesses for appellee t stified that it was agreed that but $400 was to be credited, whilst appellant testifies that the rent was to be credited on the purchase, and that there was no agreement that only the rent then due should be reserved by appellant.

All of the evidence considered, we are strongly inclined to believe that the evidence clearly preponderates in favor of the finding of the jury. It was a question for their determination, and even if we regarded it doubtful, the jury who saw the witnesses having so found, and the court who tried the cause and heard the evidence having approved the finding, we should not be inclined to disturb the verdict. We must presume the judge who tried the case feels the responsibility of the duty of granting or refusing a new trial, and that when he overrules the motion it is because he is satisfied the verdict is just. Such being the presumption, appellant must present a case which, from the evidence, satisfies us that the judge must

have acted under some misapprehension in refusing a new trial. But in this case we think the evidence clearly sustains the verdict.

It is also objected that the court below erred in giving appellee's instructions. These instructions are based on the evidence, and are accurate in the announcement of legal propositions. If appellant agreed that his claim of a set-off for rent should not exceed $400, then that must be the limit of the deduction.

It is next urged that the fifth of appellant's instructions, which was refused, was based on his evidence, and was the converse of appellee's, and should have been given.

Even if this is true so far as it presents a hypothetical case, still it is erroneous in so far as it instructs the jury that, if there was $111.65 or more due him for rent, they should find for appellant. Had this instruction been given, it would have in effect told the jury to find for the defendant. No one contests the fact that there was that sum due for rent, or even $400, and still it does not follow that, because this latter sum was due for rent, appellant was entitled to the verdict.

It may be said that it was the intention of the attorney who drew it to say that if there was $111.65 due for rent over and above the $400, then they should find for defendant. If such was the design, it has not been shown by the language employed. It states no such proposition, and the instruction was manifestly wrong, and was properly refused. Whilst some of the other instructions may have contained correct legal propositions, they were not so pertinent to the case as to have been essential, or even important, to its consideration, and we fail to perceive how their refusal could have in the slightest degree injured appellant.

Perceiving no error for which the judgment should be reversed, it is affirmed.

*Judgment affirmed.*